# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE L. RODRIGUEZ, an individual on behalf of herself and all others similarly situated,<br><br>                            Plaintiffs,<br>  v.<br><br>ENTERPRISE HOLDINGS, INC., a Missouri corporation; et al.,<br><br>                            Defendants. | CASE NO. 10cv2508-LAB (RBB)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

      On January 3, 2013, Plaintiff's motion for preliminary approval of class settlement was granted by this Court, [Doc. No. 44.], Following preliminary approval, Notice of the proposed Settlement was provided in the manner described in sections IV.(C)(1)-(6) of the Settlement Agreement. (See Roe Decl. at ¶ 10 [Doc. No. 46].) Plaintiff now moves for final approval of the Settlement in accordance with the Order Re: Preliminary Approval.

      On May 28, 2013, the Court held a hearing concerning the final approval of the settlement, as scheduled in its order of January 3, 2013. Due and adequate notice having been given to the Class as required in said order, there being no objections to the Settlement by any class member, and the Court having considered all papers filed and proceedings conducted in this action and otherwise being fully informed and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**Legal Standard:**

1. Under Rule 23(e), the Court may approve a class settlement only upon finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a proposed settlement meets these standards, the Court must evaluate a number of factors, including:

   a. the strength of the plaintiff's case;

   b. the risk, expense, complexity, and likely duration of further litigation;

   c. the risk of maintaining class action status throughout the trial;

   d. the amount offered in settlement;

   e. the extent of discovery completed and the stage of the proceedings;

   f. the experience and views of counsel;

   g. the presence of a governmental participant; and

   h. the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citations omitted); *see also Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). These factors are not exclusive, and in some circumstances, one factor may deserve more weight than others or alone may even prove to be determinative. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004). In addition, the settlement may not be the product of collusion among the negotiating parties. *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

**Analysis:**

At the hearing on May 28, 2013, the Court discussed all these factors and for reasons stated at the hearing determined the proposed settlement was fair and appropriate, and should be approved.

2. The parties have agreed to and the Court certifies the following class for the purpose of settlement:

The aggregate group of current and former employees of Enterprise Rent-A-Car Company of Los Angeles, LLC who were classified as exempt and held the job position of Branch Manager in the State of California who supervised four or fewer employees between November 5, 2006 and the date of entry of the Order Granting Preliminary Approval of the Settlement, and all current and former employees of Enterprise Rent-A-Car Co of San Francisco, LLC and/or Enterprise Rent-A-Car Company of Sacramento, LLC (collectively with Enterprise Rent-A-Car Company of Los Angeles, LLC "ERAC") who were classified as exempt and held the job position of Branch Manager in the State of California who supervised four or fewer employees between April 15, 2008 and the date of entry of the Order Granting Preliminary Approval of the Settlement. Class Members shall not, however, include:  (i) anyone who has received a monetary payment in exchange for executing a release which encompasses any of the claims asserted in the Action; (ii) anyone who has executed an arbitration agreement containing a class action waiver; and (iii) anyone who is already represented by counsel with respect to claims against ERAC.  All persons who are included in the Class List shall be deemed to be Class Members.

3. Excluded from the settlement are those persons who have submitted valid and timely requests for exclusion.  Charles Peoples opted out from the settlement and is excluded.  Every person in the Settlement Class who did not opt out is a Participating Class Member.  Every person in the Settlement Class who submitted a timely and valid claim form is a Qualified Class Member.

4. With respect to the Participating Class Members, the Court finds and concludes that:  (a) the Participating Class Members are so numerous that joinder of all Participating Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Participating Class Members that predominate over any individual questions; (c) the claims of Plaintiff are typical of the claims of the Settlement Class Members; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Participating Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Court previously found that these requirements were satisfied [Doc. No. 44].

5. This action is hereby **DISMISSED WITH PREJUDICE** as to Plaintiff and all Participating Class Members.  All Participating Class Members have released Enterprise Rent-A-Car Company of Los Angeles, LLC, Enterprise Rent-A-Car Co of San Francisco, LLC, Enterprise Rent-A-Car Company of Sacramento, LLC and Enterprise Holdings, Inc., and each of their past and present parent, subsidiary, affiliated and/or related corporations,

predecessors, successors, and assigns, including each of its and their employees, officers, directors, members, shareholders, agents, representatives, consultants, attorneys, insurers and divisions whether previously or hereinafter affiliated in any manner, from any and all claims, damages, losses, demands, penalties, liabilities, fees, interest, causes of action, complaints or suits which arise from the facts, matters, transactions, events, occurrences, policies, disclosures, statements, omissions or failures to act which are, or could be the basis of claims substantially and reasonably related to, the claims alleged in the Action.  Released Claims include, without limiting the foregoing, claims for unpaid wages, unpaid overtime, unpaid double time, rest and/or meal period payments, waiting time and other penalties, liquidated damages, noncompliance with itemized employee wage statement provisions under the California Labor Code, violations of California Labor Code sections 201, 202, 203, 218.6, 221, 226, 226.7, 510, 512, 558, 1174, 1175, 1194, 1194.5, 1199, 2698, et seq., 2802, the California Code of Regulations (Title 8), all similar provisions or requirements of the California Industrial Welfare Commission Wage Orders and all related or corresponding federal laws (with the exception of the Fair Labor Standards Act, including 29 U.S.C. §216(b), and California Business and Professions Code sections 17200 et seq. (only to the extent such statutory provisions, Wage Orders, or federal laws are applicable to the causes of action alleged in the Action), which any Participating Class Member has, ever had, or hereafter may claim to have against the Released Parties during the Class Period.  The Released Claims for Qualified Class Members, and only for such Qualified Class Members, also include all claims, damages, losses, demands, penalties, liabilities, fees, interest, causes of action, complaints or suits which arise from the facts, matters, transactions, events, occurrences, policies, disclosures, statements, omissions or failures to act which are, or could be the basis of claims substantially and reasonably related to claims for unpaid wages, unpaid overtime, unpaid double time, rest and/or meal period payments, waiting time and other penalties, and/or liquidated damages under the Fair Labor Standards Act, including 29 U.S.C. §216(b), which any Qualified Class Member who qualifies to receive an Individual Settlement Payment has, ever had, or hereafter may claim to have against the

1  Released Parties between November 5, 2006 through the Class Period.  This Stipulation of
2  Settlement will release all claims that arise out of the identical factual predicate within the
3  scope of the Action arising during the Class Period.

4        6.      The Court finds that the Notice provided to the Class Members was the best
5  notice practicable under the circumstances of these proceedings and of the matters set forth
6  therein, and that the Notice fully satisfies the requirements of the Federal Rules of Civil
7  Procedure, Rule 23, due process and any other applicable laws.  The Court previously found
8  that the content and method of notice is the best notice that is practicable under the
9  circumstances.  [Doc. No. 44].)

10        7.      The Court finds that a payment to the California Labor & Workforce
11  Development Agency in the sum of $3,750.00 shall be paid in accordance with the terms of
12  the Stipulation of Settlement.

14  **IT IS SO ORDERED**.
15  DATED: May 29, 2013

17  **HONORABLE LARRY ALAN BURNS**
United States District Judge